CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 1 6 2009

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER RAYE BROWN,** ) | Civil Action No. 7:09-cv-00483 |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Samuel G. Wilson |
| **GENE M. JOHNSON,** ) | United States District Judge |
| **Respondent.** ) | |

Petitioner Christopher Raye Brown, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 convictions and sentence in the Rockingham County Circuit Court. Brown alleges that he was convicted upon insufficient evidence, that the trial court committed several errors, and that counsel provided ineffective assistance. The court finds that Brown's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On September 27, 2006, the Rockingham County Circuit Court entered judgment against Brown, convicting him of aggravated malicious wounding, malicious wounding, and use of a firearm in the commission of a felony. Brown appealed to the Court of Appeals of Virginia, which denied his appeal on September 4, 2007. Brown then appealed to the Supreme Court of Virginia, which refused his appeal on December 7, 2007, and refused his petition for rehearing on March 6, 2008. Thereafter, on November 5, 2008, Brown filed a state habeas petition in the Supreme Court of Virginia, which the court refused on April 2, 2009. Brown then filed a petition for writ of certiorari to the Supreme Court of the United States on June 23, 2009, which was denied on October 5, 2009. Brown filed his federal habeas petition in this court on November 11, 2009. The court conditionally filed his petition, advised him that his petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] In this case, the statute of limitations began to run on June 4, 2008, when Brown's conviction became final. However, the time during which a properly filed state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations clock stopped running on November 5, 2008, after approximately 154 days, when Brown filed his state habeas petition. The clock then began to run again when the Supreme Court of Virginia refused Brown's habeas petition on April 2, 2009.[2] Brown filed his federal habeas petition on November 11, 2009, approximately 223 days after the Supreme Court of Virginia refused his petition.

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Brown has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Brown's conviction became final on June 4, 2008, 90 days after the Supreme Court of Virginia refused his appeal and when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[2] The court notes that this calculation assumes, without finding, that Brown's habeas petition was properly filed in the Supreme Court of Virginia. If his state habeas petition was not properly filed, he would be afforded no tolling for this time and his federal habeas petition would be even more untimely. The court further notes that Brown's petition for writ of certiorari does not afford him any tolling under § 2244(d). See Crawley v. Catoe, 257 F.3d 395, 399 (2001) ("Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244 (d)(2) from the one-year statute of limitations under § 2244(d)(1).")

Therefore, the time clock on Brown's statute of limitations ran for a total of approximately 377 days before he filed his federal habeas petition. Accordingly, Brown's petition is time-barred unless he demonstrates grounds for equitable tolling.[3] Despite being given the opportunity to amend his petition, Brown makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Brown has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Brown's petition as untimely.

**ENTER**: This *15th* day of December, 2009.

_____
United States District Judge

---

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).